UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CASA ANGELO, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-5842 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY | * | SECTION "L" (2) |
| | * | |

**ORDER AND REASONS**

Pending before me is Defendant Independent Specialty Insurance Company's ("ISIC") Motion to Opt Out of Streamlined Settlement Program. ECF No. 8. Plaintiff Casa Angelo, Inc. timely filed an Opposition Memorandum. ECF No. 11. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion to Opt Out is GRANTED IN PART as stated herein.

**I.  BACKGROUND**

Plaintiff filed suit in state court against Defendant ISIC seeking to recover for losses incurred as a result of Hurricane Ida as well as extra-contractual damages and attorneys' fees, alleging violations of the duty of good faith and fair dealing; failure to properly adjust the loss; and failure to timely pay insurance proceeds. ECF No. 1-1. Defendant removed the case, which was automatically subject to this Court's Hurricane Ida Case Management Order ("CMO") and Streamlined Settlement Program ("SSP"). ECF Nos. 1, 6. Defendant now seeks to opt-out of the Court's Hurricane Ida SSP, arguing that Plaintiff's claim is subject to a mandatory arbitration provision and participation in the SSP will increase the costs and time for resolving the dispute,

which is contrary to the purposes of arbitration.[1]  ECF No. 8-1.  Citing other cases in which parties have been permitted to opt-out of a SSP when there is an arbitration provision, Defendant asserts that participation in the SSP would hinder the swift and just resolution of this matter.  *Id*. at 2.

In Opposition, Plaintiff urges the court to deny the opt-out motion without prejudice pending resolution of the Motion to Compel Arbitration currently pending before Judge Fallon.  ECF No. 11.  Although not addressed in its Opposition Memorandum, Plaintiff argues in its Motion to Compel Appraisal that Defendant's opt-out motion is premature pending completion of the appraisal process.  ECF No. 13 at 2.

## I.     APPLICABLE LAW AND ANALYSIS

On August 26, 2022, this Court adopted CMO No. 1 to govern Hurricane Ida claims.  CMO #1 includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation.  *See* Sections 1, 3.  Although parties may seek to opt out of the SSP in Section 3 upon a showing of good cause, the CMO specifically states that  the parties may not opt out of the mandatory initial disclosures set forth in Section 1, Exhibit A.  *See* Section 3.

Absent a finding that the arbitration clause is enforceable or that this matter must be stayed for the pendency of the appraisal process, movant cannot establish good cause to opt-out entirely of the SSP.  These precise issues are now pending before Judge Fallon.

Given the pendency of the competing motions to compel arbitration and appraisal, Movant has established good cause to opt-out of the SSP only for the limited purpose of allowing it to

---

[1] Defendant filed a Motion to Compel Arbitration contemporaneously with this motion.  ECF No. 9.  Although Defendant noticed this motion for submission on November 15, 2023, it did not notice its motion to compel arbitration for hearing until November 29, 2023.  *Compare* ECF No. 8-3 *with* ECF No. 9-4.  Moreover, Plaintiff a filed a Motion to Compel Appraisal and Stay Pending Completion of Appraisal on November 6, 2023, which will be submitted for hearing on November 29, 2023. *See* ECF No. 13-4.

pursue its Motion to Compel Arbitration and Plaintiff to pursue its Motion to Compel Appraisal. If arbitration is denied or the case otherwise remains on the docket of this Court, it will remain subject to the Hurricane Ida CMO and the Streamlined Settlement Program. In the interim, movant must proceed to comply with the CMO's mandatory disclosures. Indeed, while the CMO authorizes the parties to opt out of the SSP, it explicitly denies them the ability to opt-out of the initial disclosures. The limited, basic discovery contemplated by the CMO will not impose undue burden or expense, regardless of where the case proceeds.

## II. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Opt-Out of the Streamlined Settlement Program is GRANTED IN PART to the extent necessary for Defendant to prosecute its pending motion to compel arbitration and Plaintiff to prosecute its pending motion to compel appraisal. If the motions are denied or the case otherwise remains on the docket, it will remain subject to the Hurricane Ida CMO and the Streamlined Settlement Program.

New Orleans, Louisiana, this __15th__ day of November, 2023.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE