UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CASA ANGELO, INC.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-5842** |
| **INDEPENDENT SPECIALTY INSURANCE COMPANY** | * | **SECTION L** |

## ORDER & REASONS

Before the Court are cross motions from the parties, Plaintiff Casa Angelo, Inc. ("Casa Angelo") and Defendant Independent Specialty Insurance Company ("ISIC"). ISIC filed a Motion to Compel Arbitration on October 26, 2023. R. Doc. 9. Shortly after, Casa Angelo filed a Motion to Compel Appraisal. R. Doc. 13. Both parties have filed opposition memoranda and ISIC filed a reply brief regarding its Motion to Compel Arbitration. R. Docs. 12, 18, 21. Having considered the briefing and the applicable law, the Court rules as follows.

### I.    BACKGROUND

This case arises out of alleged damage to property owned by Casa Angelo in New Orleans, Louisiana following Hurricane Ida. R. Doc. 1-1 at 1-2. According to Casa Angelo, on May 11, 2022, it invoked the insurance policy's appraisal provision, which permits each party to select an appraiser to ascertain the value of the property and amount of loss. R. Doc. 13 at 2. The appraisal provision at issue reads as follows:

> 3. Appraisal
> Appraisal applies after we confirm that the damage due to a loss is covered. If we and you disagree on the value of the property or the amount of loss, either may make a written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser within 20 days. The two appraisers will select an umpire. If they cannot agree within 20 days either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1

   a. Pay its chosen appraiser; and
   b. Bear the other expenses of the appraisal and umpire equally.

   Appraisers and umpires are not authorized to determine if coverage, exclusions, conditions and any other contractual issues exist between us. If there is an appraisal, we will still retain our right to deny the claim. The appraisal award cannot be used by either party in any proceedings concerning coverage, exclusions, conditions or any other contractual claim.

Policy, R. Doc. 9-2 at 37. Casa Angelo alleges that Sedgwick, on behalf of ISIC, agreed to engage in the appraisal process and designated its chosen appraiser. *See* May 24, 2022 Sedgwick Letter, R. Doc. 13-3. In this letter, Sedgwick and ISIC informed Casa Angelo that "appraisal is not appropriate to determine coverage issues" and that the "Insurer specifically denies that the estimate submitted by the Insured consists of covered damages and reserves its right to deny coverage, in whole or in part." *Id.* Casa Angelo claims that as of summer 2023, the appraisal process "was dragging on" and thus filed the instant suit in order to interrupt prescription. R. Doc. 13-1 at 2-3. Upon the filing of this suit, Casa Angelo claims that ISIC cancelled the appraisal process and filed its Motion to Compel Arbitration. *Id.*

ISIC tells largely the same story but alleges that Casa Angelo mischaracterizes ISIC's involvement with the appraisal process, noting that ISIC "never agreed to be bound by any determination of an appraiser or what damages are covered under the policy, nor was there any agreement to pay amounts contained in an appraiser's report for which no coverage exists under the Policy." R. Doc. 18 at 2. Further, ISIC claims that "[f]or the next year, [ISIC's] appraiser attempted to contact Plaintiff's appraiser, with no success." *Id.* (citing Correspondence Between Counsel, R. Doc. 18-1).

Casa Angelo filed suit in Civil District Court for the Parish of New Orleans on August 16, 2023, arguing that ISIC, its property insurer, failed to pay for the damages the property suffered

as a result of the hurricane, and therefore it is entitled to damages for ISIC's violation of the duty of good faith and fair dealing as well as penalty damages. R. Doc. 1-1 at 2-3. The petition makes no mention of appraisal or arbitration. *See id.* On October 5, 2023, ISIC removed the case to federal court on the basis of diversity jurisdiction and then timely filed an answer asserting numerous affirmative defenses and specifically reserving its right "to move to compel arbitration." R. Doc. 7 at 1. The policy contains an arbitration clause, which contains in pertinent part:

> 4. Arbitration Clause
>
> All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this Insurance, including the policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.
>
> Unless the parties agree upon a single disinterested or impartial Arbitrator within thirty (30) days of one party receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his or her disinterested or impartial Arbitrator and give written notice to the Respondent (the party receiving notice of Arbitration). Within thirty (30) days of receiving such notice from the Claimant, the Respondent shall appoint his or her Arbitrator and give written notice to the Claimant.
>
> If the two Arbitrators fail to agree on the selection of the disinterested or impartial umpire within thirty (30) days of the appointment of the second named Arbitrator, each Arbitrator shall submit to the other a list of three Umpire candidates, each Arbitrator shall select one name from the list submitted by the other and the Umpire shall be selected from the two names chosen by a lot drawing procedure to be agreed upon by the Arbitrators. Unless the parties otherwise agree, the Arbitration Tribunal shall consist of disinterested or impartial persons presently or formerly employed or engaged in a senior position in insurance underwriting or claims.
>
> The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders which it may consider proper in the circumstances of the case, regarding pleadings, discovery, inspection of documents, examination of witnesses and any other matter relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall think fit. . . .
>
> The award of the Arbitration Tribunal shall be in writing and binding.

Policy, R. Doc. 9-2 at 37-38 (omitting several paragraphs irrelevant to the legal issues presented

by the instant motions).

ISIC filed a Motion to Compel Arbitration pursuant to the arbitration clause, as well as a Motion to Opt-Out of the Streamlined Settlement Program. R. Docs. 8, 9. Casa Angelo then filed a Motion to Compel Appraisal. R. Doc. 13. On November 15, 2023, Magistrate Judge Currault granted in part and denied in part ISIC's Motion to Opt-Out, permitting the parties to opt out "to the extent necessary for Defendant to prosecute its pending motion to compel arbitration and Plaintiff to prosecute its pending motion to compel appraisal." R. Doc. 16.

## II. PRESENT MOTIONS

ISIC filed the instant Motion to Compel Arbitration, arguing that the dispute underlying this litigation involves coverage for Casa Angelo's claims for "extensive interior and exterior damage to the insured property due to high winds and rain, as well as business interruption" as a result of Hurricane Ida. R. Doc. 9-1 at 4 (quoting R. Doc. 1-1). Because the arbitration clause contains a broad delegation clause requiring "*[a]ll* matters in dispute between [the parties] in relation to this Insurance . . . be referred to an Arbitration Tribunal," ISIC argues that Casa Angelo's claim for coverage under the policy is clearly a dispute relating to the insurance policy and therefore arbitration is proper. *Id.* at 5-6 (emphasis added). ISIC argues that courts in the Fifth Circuit adjudicating the applicability of arbitration clauses begin with a presumption of an enforceable arbitration clause and once a court finds the clause valid, the court's inquiry should stop there. *Id.* Additionally, ISIC alleges there is no statute preventing arbitration applicable to this case and accordingly urges the Court to refer this dispute to arbitration and stay this litigation pending that outcome. *Id.* at 7-9.

In response, Casa Angelo filed an opposition memorandum as well as its Motion to Compel Appraisal, which contain identical arguments in favor of appraisal and against arbitration. R. Docs.

4

12, 13. Casa Angelo takes the position that ISIC has waived arbitration by committing to engage in the appraisal process because appraisal only "applies after we confirm that the damage due to a loss is covered." R. Doc. 12 at 5-6 (quoting the policy language); R. Doc. 13-1 at 4-5 (same). Further, Casa Angelo argues that ISIC waived its right to arbitration because the policy contained a bolded disclaimer that ISIC was a surplus lines insurer and thus the Louisiana Insurance Guaranty Association ("LIGA") would not cover the policy in the event of insurer insolvency, but this disclaimer did not provide "notice that other rights protected under La. R.S. 22:868 (D) may be affected." R. Doc. 12 at 2; R. Doc. 13-1 at 2. Casa Angelo additionally argues that arbitration is premature before the appraisal process has completed, and that under Louisiana law, "the appraisal process does not fall under the arbitration provisions of the policy," thus this Court retains jurisdiction over such appraisal proceedings. R. Doc. 12 at 4-5; R. Doc. 13-1 at 3-4.

ISIC filed an opposition memorandum to Casa Angelo's Motion as well as a reply brief in support of its Motion to Compel Arbitration, which contain identical arguments. R. Docs. 18, 21. Therein, ISIC argues that Casa Angelo's waiver argument in reliance of § 22:868(D) is misplaced because that provision "does not provide *any* rights to Plaintiff, or any other insured" and that Casa Angelo cannot argue the contract lacks validity because it failed to read the insurance policy. R. Doc. 18 at 3-4; R. Doc. 21 at 2-3. Noting that under Louisiana law, arbitration clauses are considered venue clauses and thus permissible under § 22:868(D)'s exemption for surplus lines insurers, ISIC argues that the arbitration clause is permissible and, further, the delegation clause requires this Court refer Casa Angelo's appraisal arguments to arbitration. R. Doc. 18 at 4-6; R. Doc. 21 at 4-7.

### III.  APPLICABLE LAW

In Louisiana, state law provides that any insurance contract "delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state" shall not deprive "the courts of this state of the jurisdiction or venue of action against the insurer." La. R.S. § 22:868(A)(2). However, courts have upheld forum selection clauses in certain insurance contracts pursuant to Subsection D, which clarifies that the "Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance." *Id.* at § 22:868(D). Surplus lines insurers are exempt from statutory approval requirements. La. R.S. § 22:446(A) ("The commissioner shall not require surplus lines insurers to file or seek approval of their forms and rates for property and casualty insurance except as provided in R.S. 22:1456(B)(2) relative to public carrier vehicles.").

Accordingly, courts have upheld forum selection clauses in surplus lines insurance contracts delivered in Louisiana that designate non-Louisiana courts. *See, e.g.*, *In re Mt. Hawley Insurance Co.*, No. 22-30111, 2022 WL 5360188, at *1 (5th Cir. Apr. 28, 2022) (granting a writ of mandamus and vacating a district court's finding that a surplus lines insurance policy's forum selection clause was unenforceable because it violated public policy articulated in § 22:868(A)); *Brooks & Brooks Investments LLC v. Mt. Hawley Insurance Co.*, No. 22-CV-03854, 2022 WL 17476969, at *2 (E.D. La. Dec. 6, 2022) (finding a forum selection clause valid under § 22:868(D)).

Arbitration clauses are a type of forum or venue clause. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 518-19 (1974) ("An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute."); *Donelon v. Shilling*, 340 So. 3d 786, 790 n.6 (La.

2020) ("An arbitration clause has been characterized by this court as a type of venue selection clause."). Accordingly, federal courts in the Eastern District of Louisiana have upheld arbitration clauses in surplus lines insurance policies as valid and enforceable under § 22:868(D). *See, e.g.*, *Bourgeois v. Independent Specialty Insurance Co.*, No. 22-1256, 2023 WL 6644171, at *4 (E.D. La. Oct. 12, 2023); *Thumbs Up Race Six, LLC v. Independent Specialty Insurance Co.*, No. 22-2671, 2023 WL 4235565, at *3 (E.D. La. June 28, 2023).

Whether an arbitration clause is enforceable requires a two-step analysis: first, the court looks to contract formation – "whether the parties entered into any arbitration agreement at all," and second, the court determines whether the claim at issue is "covered by the arbitration agreement." *Kubala v. Supreme Production Services, Inc.*, 830 F.3d 199, 201-02 (5th Cir. 2016). However, a delegation clause limits the court's analysis. *Id.* The court conducts the contract formation inquiry and if it finds a valid agreement, the "only question" is then "whether the purported delegation clause is in fact a delegation clause – that is, if it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated." *Id.* at 202. The Fifth Circuit instructs that in such cases, courts should grant the motion to compel in almost all cases, citing only one narrow exception – the "wholly groundless" exception – which has since been abrogated by the Supreme Court. *Id.* at 202 n.1 (citing *Douglas v. Regions Bank*, 757 F.3d 460, 464 (5th Cir. 2014), *abrogated by Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 531 (2019)).

A delegation clause contained in an arbitration provision "is an agreement to arbitrate threshold issues concerning the arbitration agreement." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) ("We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement

covers a particular controversy."). For example, in *Rent-A-Center*, the Supreme Court addressed a delegation clause that "gave the arbitrator 'exclusive authority to resolve any dispute relating to the … enforceability … of the" contract. *Id.* at 71. In *Kubala*, the Fifth Circuit found a delegation clause valid and therefore remanded the matter for the district court to refer it to arbitration. *Kubala*, 830 F.3d at 204. The delegation clause at issue in *Kubala* was "strikingly similar" to the clause in *Rent-A-Center*, as it gave the arbitrator "sole authority to rule on his/her own jurisdiction, including any challenges or objections with respect to the existence, applicability, scope, enforceability, construction, validity and interpretation of this Policy and any agreement to arbitrate a Covered Dispute." *Id.*

## IV.   ANALYSIS

The Court begins with the first step in determining the enforceability of an arbitration agreement: the contract formation analysis. *See id.* at 201-02. In this case, the Court has no trouble finding that the insurance policy represents a valid contract. The parties negotiated for insurance and mutually agreed to the policy at issue. *See* R. Doc. X at Y. Casa Angelo does not dispute that the policy is valid, and in fact seeks to enforce a different provision of the policy in its Motion – the appraisal provision. Rather, Casa Angelo's argument against enforcing the arbitration clause relies on a waiver argument, not on the contract's validity or enforceability.

Because the Court has found a valid agreement to arbitrate exists, the next inquiry is whether the delegation clause is in fact a valid delegation clause. If the Court so finds, the analysis ends and the Court must refer the matter to arbitration. The purported delegation clause in the ISIC policy reads:

> All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this Insurance, including the policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.

The Court is satisfied that this is a valid delegation clause. The parties agreed to refer "[a]ll matters in dispute" to arbitration if they relate to the insurance policy, including matters involving "the policy's formation and validity." This "evinces an intent to have the arbitrator decide whether a given claim must be arbitrated" and accordingly the Court refers this matter to arbitration. *See Kubala*, 830 F.3d at 202.

Accordingly, for the foregoing reasons, Casa Angelo's Motion to Compel Appraisal, R. Doc. 13, is **DENIED**, and ISIC's Motion to Compel Arbitration, R. Doc. 9, is **GRANTED**. This matter is hereby **REFERRED** to arbitration and thus **STAYED AND ADMINISTRATIVELY CLOSED** pending the outcome of arbitration.

New Orleans, Louisiana, this 12th day of December, 2023.

_____
United States District Judge